JERRY S. BUSBY
Nevada Bar #001107
SCOTT L. STONEHOCKER
Nevada Bar #005512
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, Nevada  89102
(702) 366-1125
FAX:  (702) 366-1857
jbusby@cooperlevenson.com
sstonehocker@cooperlevenson.com

Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| RONALD PRUDHOMME, an Individual;<br><br>Plaintiff,<br><br>SMITH'S FOOD & DRUG CENTERS, INC.,<br>an Ohio Corporation doing business as<br>SMITH'S FOOD AND DRUG; DOE<br>EMPLOYEE I; DOES II - X, inclusive and ROE<br>CORPORATIONS I - X, inclusive;<br><br>Defendants. | Case No. 2:25-cv-00267-RFB-DJA<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY**<br><br>**(SECOND REQUEST)** |

Pursuant to Local Rule IA-6-1 and LR 26-3, Plaintiff RONALD PRUDHOMME, by and through his counsel of record, RYAN ALEXANDER, ESQ, and NOAH DURAN, ESQ., of RYAN ALEXANDER, CHTD, and Defendant SMITH'S FOOD & DRUG CENTERS, INC., by and through its counsel of record, JERRY S. BUSBY, ESQ. and SCOTT L. STONEHOCKER, ESQ., of COOPER LEVENSON, P.A., respectfully move this honorable Court for an order extending discovery, and submit this stipulation in accordance with LR IA 6-1 and LR 26-3. The parties have conferred and agree that an extension of discovery is both necessary and warranted for a period of sixty (60) days.

## I.    BACKROUND:

On or about October 19, 2022, Plaintiff suffered a slip and fall accident at Smith's #318, located at 4965 East Sahara Avenue, Las Vegas, Nevada 89104. Plaintiff alleges that the fall was caused by SMITH'S and/or its employees. Plaintiff fell on his back, hitting his head against the floor, and as a result, Plaintiff alleges that he suffered traumatic spine and brain injuries. Defendant, SMITH'S, denies

that it is responsible for Plaintiff's slip and fall incident, and further denies that all of his medical conditions and expenses (past and future) were caused by the subject incident.

**A.    Discovery Completed:**

1.    On March 14, 2025, Defendant served its Initial Disclosure Statement.

2.    On March 25, 2025, Plaintiff served his Initial Disclosure Statement.

3.    On April 18, 2025, Plaintiff served Defendant with Interrogatories and a Request for Production.

4.    On April 25, 2025, Defendant served Plaintiff with Interrogatories, a Request for Production and a Request for Admissions.

5.    On June 10, 2025, Plaintiff served his First Supplement to Initial Disclosure Statement.

6.    On June 10, 2025, Plaintiff served his Answers to Defendant's Interrogatories, Response to Defendant's Request for Production, and Response to Defendant's Request for Admissions.

7.    On June 10, 2025, Defendant served its First Supplement to Initial Disclosure Statement.

8.    On June 10, 2025, Plaintiff served its Answers to Plaintiff's Interrogatories, and Response to Plaintiff's Request for Production.

9.    On August 25, 2025, the parties entered into a Stipulation to Extend Discovery Deadlines (First Request).

10.    On August 26, 2025, this Court issued an Order Granting the Stipulation to Extend Discovery (First Request).

11.    On September 11, 2025, Defendant served its Second Supplement to Initial Disclosure Statement.

12.    On October 9, 2025, Defendant's took the Deposition of Plaintiff Ronald Prudhomme.

13.    On October 10, 2025, Plaintiff served his Second Supplement to Initial Disclosure Statement.

14.    On November 4, 2025, Defendant served its Third Supplement to Initial Disclosure Statement.

15.    On November 18, 2025, Plaintiff served its Initial Expert Disclosure.

16.    On November 18, 2025, Defendant served its Initial Expert Disclosure.

**B.    Discovery Remaining to be Completed:**

The parties have conferred and agree that an additional extension of time in which to complete all remaining discovery is warranted, and that good cause exists for the extension, as detailed herein. At least the following discovery is anticipated to be conducted:

Plaintiff anticipates the need to conduct one or more FRCP 30(b)(6) depositions of Defendant's designated representative regarding its policies and procedures related to inspections and clean-up practices, etc.

Plaintiff and Defendant anticipate the need to disclose Rebuttal Experts to respond to each other's Initial Experts.

Plaintiff and Defendant anticipate the need to conduct the depositions of expert witnesses disclosed herein.

Defendant anticipates the need to conduct the depositions of one or more of Plaintiff's healthcare providers and/or custodians of medical records.

**C.    Reasons Why the Deadlines Were Not Satisfied:**

Despite both parties' efforts, additional time is required to schedule and complete discovery, due to the following factors:

1.    An unexpected and previously undisclosed change in personnel at the medical office at which Plaintiff's expert previously practiced caused a delay in producing Plaintiff's Initial Expert Disclosure.

2.    An unexpected and previously undisclosed change in Defendant's expert's medical office and professional affiliation caused a delay in producing Defendant's Initial Expert Disclosure.

3.    The delay in both Initial Expert Disclosures and their reports has required additional time for Rebuttal Expert Disclosures and their reports to be produced.

4.      Defendant has attempted, and continues to attempt, to obtain pre-incident medical records that would shed light on Plaintiff's pre-existing medical conditions prior to the subject incident, as well as post-incident medical records pertaining to a motor vehicle accident that may have exacerbated Plaintiff's medical conditions. Defendant's requests for medical records have not all been responded to by Plaintiff's medical providers. In addition, Defendant is seeking additional authorizations for insurance and medical records.

5.      The holiday season has complicated the scheduling of depositions due to prospective witnesses being unavailable.

**D.      Proposed Schedule for Remaining Deadlines:**

| DESCRIPTION | CURRENT DATE | PROPOSED DATE |
|---|---|---|
| Close of Discovery | 01/05/2026 | 03/06/2026 |
| Amend Pleadings/Add Parties | 08/06/202 | Expired |
| Initial Expert Disclosures | 11/04/2025 | Expired |
| Rebuttal Expert Disclosures | 12/05/2025 | 02/03/2026 |
| Dispositive Motions | 02/02/2026 | 04/03/2026 |
| Pretrial Order | 03/06/2026 | 05/05/2026 |

///

///

///

///

///

///

///

///

///

///

The parties state that good cause exists for the foregoing proposed discovery extension request and that the same is made in good faith and not sought for delay or any improper purpose. The challenges noted above constitute just cause for this requested extension. Additional time is needed to allow the parties to complete discovery and adequately prepare the case for trial or other resolution.

DATED: December 4, 2025.

DATED: December 4, 2025.

RYAN ALEXANDER, CHTD.

COOPER LEVENSON, P.A.


/s/ *Noah Duran*

/s/ *Jerry S. Busby*

RYAN ALEXANDER, ESQ.
Nevada Bar No. 10845
NOAH DURAN, ESQ.
Nevada Bar No. 15033
3017 West Charleston Blvd., Ste. 10
Las Vegas, Nevada 89102
Attorneys for Plaintiff
RONALD PRUDHOMME

JERRY S. BUSBY, ESQ.
Nevada Bar No. 1107
SCOTT L. STONEHOCKER, ESQ.
Nevada Bar No. 5512
3016 West Charleston Blvd., #195
Las Vegas, Nevada 89102
Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.


**IT IS SO ORDERED.**

_____
**UNITED STATES MAGISTRATE JUDGE**

**DATE:** _____12/5/2025_____